GRANATO (No. 351-449), *Appellant, v.* CITY OF PORTLAND, *Respondent,*

STRADER (No. 351-600), *Appellant, v.* CITY OF PORTLAND, *Respondent.*

485 P2d 1115

*Bernard Jolles,* Portland, argued the cause for appellants. With him on the brief were Franklin, Bennett, Des Brisay & Jolles, Portland.

*Stephen R. Frank,* Portland, argued the cause for respondent. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

The question raised by this appeal is:

Does ORS 30.265 (2)(b) which grants immunity from liability to a public body for "any claim for injury or death of any person covered by the Workmen's Compensation Law" provide immunity from liability for a public body whose negligence injures a person who is engaged in the course of his employment for another and entitled to workmen's compensation benefits?

We hold that it does and, therefore, that the trial judge properly entered a judgment on the pleadings against the plaintiffs.[1]

ORS 30.265 as it read at the time of the accidents in question provided:

"(1) Subject to the limitations of ORS 30.260 to

---

[1] Both plaintiffs were employed as longshoremen by employers other than the Commission of Public Docks. Each sustained an injury in the course of his employment for which he received workmen's compensation benefits from his employer. Both claimed their injuries were due to negligence of the defendant and the maintenance of its facility.

30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.

"(2) Subsection (1) of this section does not apply to:

"* * * * *

"(b) Any claim for injury to or death of any person covered by the Workmen's Compensation Law.

"* * * * *."

█ █ Plaintiffs here argue that the purpose of the exception set forth in ORS 30.265 was to grant immunity to municipal corporations only in a suit against a municipality by its own employes. This obviously was not the legislative intent in enacting ORS 30.265 (2)(b), because ORS 30.265 (2)(f), presently ORS 30.265 (2)(e), provides that a public body shall not be liable for tort as to:

"(f) Any claim against a public body as to which the public body is immune from liability or its liability is limited by the provisions of any other statute."

ORS 656.002 (13)⑫ and ORS 656.016⑬ require the

---

⑫ ORS 656.002 (13) provides:

"'Employer' means any person, including receiver, administrator, executor or trustee, and the state, state agencies, counties, municipal corporations, school districts and other public corporations or political subdivisions, who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

⑬ ORS 656.016 provides:

"(1) Every employer subject to ORS 656.001 to 656.794 is required to assure that his subject workmen will receive the compensation for compensable injuries provided in ORS 656.001 to 656.794 either by:

"(a) Filing an application with the State Accident Insur-

defendant to provide workmen's compensation coverage for its employes. ORS 656.018 (1) provides that every employer who satisfies the duty required by ORS 656.016

"* * * is relieved of all other liability for compensable injuries to his subject workmen * * *."

As plaintiffs' brief points out, the Supreme Court of only one of three states with tort claims acts containing exceptions similar to those found in ORS 30.265 (2) have interpreted this statute. The three states are Iowa, Hawaii, and Minnesota. The pertinent portion of the Minnesota statute is identical to the Oregon statute. The Minnesota court, in disposing of the same contention the plaintiffs make here, said:

"To accept the interpretation plaintiff would have us adopt would render the exception redundant. Any person who sustains a work-related injury while employed by a municipality is precluded by * * * the Workmen's Compensation Act from bringing a tort action for damages against his employing municipality. While a municipal employee injured under circumstances which create a liability in a third party other than his employer may elect to sue the third party, the liability of his employer,

---

ance Fund and contributing to the Industrial Accident Fund the fees and premiums provided under ORS 656.442; or

"(b) Qualifying as a direct responsibility employer under ORS 656.405 and 656.409. However, this state and political subdivisions therein may not become direct responsibility employers.

"(2) Any employer required by statutes of this state other than ORS 656.001 to 656.794 or by the rules, regulations, contracts or procedures of any agency of this state or a political subdivision therein to provide or agree to provide workmen's compensation coverage, either directly or through bond requirements, shall have the right to provide such coverage by either of the methods provided in subsection (1) of this section."

including a municipality, is made exclusive under the compensation act. If the exception were intended to apply only to employees of the defendant municipality, surely the significance of substituting words such as 'any municipal employee' for 'any person' would not have been overlooked by the legislature. The weakness of plaintiff's argument is that essentially it is directed at the wisdom of the limitation embodied in language which, it must be acknowledged, is clear and free from ambiguity * * *." *McCarty v. Village of Nashwauk,* 286 Minn 240, 175 NW2d 144, 147 (1970).

Affirmed.