Argued and submitted November 22, 2006, affirmed July 5, 2007

## Margaret TAYLOR,
Personal Representative of the Estate of Morris Taylor,
Deceased,
*Plaintiff-Appellant,*

*v.*

## LANE COUNTY,
Grant Nelson, Larry Barker, Susan McFarland,
Gary Borgstahl, David Munoz, Andy Harris,
and Steve Carson,
*Defendants-Respondents.*

Douglas County Circuit Court
04CV1702CC; A130916

162 P3d 356

Stephen L. Brischetto argued the cause and filed the briefs for appellant.

David B. Williams, Assistant County Counsel, argued the cause for respondents. With him on the brief was Lane County Office of Legal Counsel.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe,* Judges.

WOLLHEIM, J.

Sercombe, J., concurring.

---

\* Sercombe, J., *vice* Linder, J.

## WOLLHEIM, J.

Douglas County Deputy Sheriff Morris Taylor was shot and killed in the line of duty by Korry Jones, a felon who was being supervised by defendant Lane County's employees at the time of the shooting. Plaintiff is the personal representative of Deputy Taylor's estate. She appeals from a judgment dismissing her claims for wrongful death and negligence against defendant. She contends that the trial court erred by granting defendant's motion for summary judgment based on the trial court's conclusion that defendant was immune from liability under ORS 30.265(3)(a). Plaintiff also contends that the application of the Oregon Tort Claims Act, specifically ORS 30.265(1) and ORS 30.265(3)(a), denies her the right to an adequate remedy under Article I, section 10, of the Oregon Constitution. We affirm.

The relevant facts are undisputed. Deputy Taylor was employed as a deputy sheriff by Douglas County. While acting within the scope of his employment, Deputy Taylor responded to a call of public indecency at a motel in Curtin, Oregon. There, Deputy Taylor was confronted by Jones, a felon with a history of criminal offenses that included assaulting police officers, escape, felon in possession of a firearm, and drug-related offenses. At the time, Lane County Community Corrections was responsible for supervising Jones. During the confrontation, Jones, who was hiding a firearm, shot Deputy Taylor and he returned fire. Both men died as a result of their injuries.

Douglas County determined that Deputy Taylor's death was compensable under the Oregon Workers' Compensation Law, ORS chapter 656. Plaintiff, as Deputy Taylor's spouse, received workers' compensation benefits under ORS 656.204.

Plaintiff, as personal representative of the estate, filed a complaint alleging wrongful death and negligence claims against defendant Lane County, and individually named employees of Lane County Community Corrections who were responsible for supervising Jones.[1] The gist of

---

[1] Margaret Taylor, Deputy Taylor's spouse, filed the complaint as the personal representative of the estate of Morris Taylor and also on behalf of herself individually and on behalf of Deputy Taylor's parents.

plaintiff's complaint was that it was reasonably foreseeable that, without proper supervision, Jones posed an unreasonable risk of harm to the community, including Deputy Taylor.

Lane County moved for an order substituting it as the only defendant. ORS 30.265(1).[2] The trial court granted defendant's motion. Lane County then moved for summary judgment on the ground that it was immune from liability under ORS 30.265(3)(a), which exempts every public body, and its employees, from liability for "[a]ny claim for injury to or death of any person covered by any workers' compensation law." The trial court granted Lane County's motion for summary judgment.

On appeal, plaintiff raises three assignments of error. First, plaintiff argues that the trial court erred, as a matter of law, in concluding that Lane County was immune from liability under ORS 30.265(3)(a). In her second and third assignments, she contends that the trial court erred in concluding that the immunity provision of ORS 30.265(3)(a), as applied to her wrongful death and negligence claims, respectively, did not violate the remedy clause of Article I, section 10, of the Oregon Constitution. We consider those assignments in turn to determine whether Lane County was entitled to judgment as a matter of law. ORCP 47 C.

As to the first assignment, plaintiff argues that defendant is not entitled to immunity under ORS 30.265(3)(a), because her claims were not "covered by any workers' compensation law" within the meaning of that statute.

ORS 30.265(3)(a) provides:

---

[2] ORS 30.265(1) provides, in part:

"The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. *If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant.*"

(Emphasis added.)

"Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:

"(a)   Any claim for injury to or death of any person covered by any workers' compensation law."

In *Moustachetti v. State of Oregon*, 319 Or 319, 877 P2d 66 (1994), the Supreme Court interpreted the language of ORS 30.265(3)(a) and concluded that

"ORS 30.265(3)(a) establishes that every public body (and its officers, employees, and agents acting within the scope of their employment or duties) is immune from liability in a civil action (1) when the civil action states a claim for injury to or death of any person, and (2) when the injury to or death of that person occurred while that person and that injury were covered by (or under) any Workers' Compensation Law."

319 Or at 326.

■■    As the court explained in *Moustachetti*, to determine whether a claim is "covered by any workers' compensation law" under ORS 30.265(3)(a), the correct focus is on the nature of the "legal injury" at issue. *See id.* at 325-27. A "legal injury" is "any harm or wrong to absolute rights for which a cause of action existed." *Stone v. Finnerty*, 182 Or App 452, 457-58, 50 P3d 1179, *modified on recons*, 184 Or App 111, 55 P3d 531 (2002), *rev den*, 335 Or 422 (2003). Essentially, the "legal injury" is the "gravamen of a claim and not * * * the kinds of injuries or damages for which a plaintiff seeks recompense." *Id.* at 458.

Applying those principles to this case suggests that Lane County was entitled to immunity under ORS 30.265(3)(a). First, plaintiff's civil action states a claim for the injury and death of Deputy Taylor. Second, the injury and death of Deputy Taylor occurred while he was covered by Oregon workers' compensation law. It is undisputed that Deputy Taylor's death arose out of and in the course of his employment. Deputy Taylor's legal injury is precisely the type of legal injury that workers' compensation laws are designed to cover. *See* ORS 656.005(7) (defining compensable injury).[3]

---

[3] In this case, the compensability of Deputy Taylor's injuries and death establishes that he was covered by workers' compensation law at the time of his injury.

Nevertheless, plaintiff argues that her claims are not "covered by any workers' compensation law" within the meaning of ORS 30.265(3)(a). According to plaintiff, ORS 30.265(3)(a) grants immunity only in lawsuits filed against a public body by its own employees; that is, ORS 30.265(3)(a) does not apply to claims in which the public body is a third party.[4] Said another way, plaintiff asserts that ORS 30.265(3)(a) does not grant immunity to a public body that injures a person who is engaged in the course of his or her employment for *another* employer. Based on that reasoning, she contends that Lane County is not immune from liability because her claims are against it, a third-party public body, and not against Douglas County, Deputy Taylor's employer.

Plaintiff's interpretation of ORS 30.265(3)(a) stems from this court's opinion in *Stone*. In *Stone* we stated,

> "the word 'covered' in ORS 30.265(3)(a) does not refer to the kinds of injuries, mental or physical, for which an employee can be recompensed under the workers' compensation law. Rather, it refers to the types of *claims for legal wrongs* that were included in the *quid pro quo* substitution of workers' compensation coverage for common-law claims that could have been brought against an employer by employees for work-related harms."

182 Or App at 459 (italics in original). The crux of plaintiff's interpretation, as we understand it, is that the workers' compensation law cannot operate as a substitute for common-law claims against third-party public bodies, because there is not a *quid pro quo* exchange between a third-party public body and the injured person. By contrast, there is a *quid pro quo* exchange between a public body employer and its own employee. Relying on that statement from *Stone*, plaintiff contends that claims against third-party public bodies are not "covered by any workers' compensation law" within the meaning of ORS 30.265(3)(a).

---

Also, his legal injuries were "covered by any workers' compensation law" because the nature of the legal injuries alleged in plaintiff's complaint are the same type of legal wrongs that were included in the *quid pro quo* substitution of common-law claims for workers' compensation rights. *Stone*, 182 Or App at 459.

[4] For ease of reference, we refer to those public bodies that did not employ the injured worker as "third-party public bodies."

■ Whether ORS 30.265(3)(a) applies to only claims against a public body by its own employees or whether it also applies to claims against a public body even if the injured person was employed by someone other than the defendant public body is a question of statutory construction. We utilize the familiar methodology in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), to ascertain the legislative intent. We begin by analyzing the text of the statute in context and, if necessary, resort to legislative history and maxims of statutory construction. *Id*. Here, the text of ORS 30.265(3)(a) is unambiguous; it provides, *"Every* public body * * * [is] immune from liability" for "[a]ny claim for injury to or death of *any* person covered by *any* workers' compensation law." (Emphasis added.) Plaintiff's interpretation of ORS 30.265(3)(a) ignores the unambiguous text of the statute. Immunity under the statute applies to "every" public body, not just to those public bodies that employed the injured person. In addition, immunity under the statute applies to any claim for the injury or death of "any person," not just to claims for the injury or death of *any employee of the public body*. Giving the words of ORS 30.265(3)(a) their plain and ordinary meaning, ORS 30.265(3)(a) applies to *all* public bodies, not just those public bodies that employed the injured person.[5]

Next, in *Granato / Strader v. City of Portland*, 5 Or App 570, 485 P2d 1115 (1971), we rejected an argument nearly identical to the argument that plaintiff asserts here. In *Granato*, we held that a prior version of ORS 30.265(3)(a) applies to third-party public bodies. *Id*. at 571. The plaintiffs

---

[5] The concurrence contends that our analysis "goes astray in framing the different potential meanings of ORS 30.265(3)(a)." 213 Or App at 646 (Sercombe, J., concurring). It summarizes the issue resolved by the majority as "whether the immunity [of ORS 30.265(3)(a)] arises only when workers' compensation coverage exists because plaintiff was employed by the defendant public body or because plaintiff was employed by any *public* body." *Id*. (emphasis in concurrence). The concurrence then states that "the majority prefers the latter interpretation." *Id*. That is simply incorrect. We do not state or imply that immunity under ORS 30.265(3)(a) arises when the injured worker was "employed by any *public* body" as the concurrence suggests; more importantly, we do not adopt that reading of the statute. The characterization of the injured person's employer as either a private or public entity is irrelevant to our analysis. Our point is simple: ORS 30.265(3)(a) by its terms applies to tort claims against public bodies even if the injured person was employed by someone other than the defendant public body. In that regard, the phrase *"every* public body" in ORS 30.265(3)(a) has significance. (Emphasis added.)

in that case were privately employed longshoremen who were injured on the job; both plaintiffs received workers' compensation benefits for their injuries. *Id.* at 571 n 1. The plaintiffs brought third-party claims against the City of Portland, alleging that their work-related injuries were caused by the city's negligence in maintaining the docks. On appeal, the plaintiffs argued that the purpose of ORS 30.265(3)(a) was to "grant immunity to municipal corporations only in a suit against a municipality by its own employes." *Id.* at 572. We rejected that argument; quoting with approval from a Minnesota opinion interpreting a statute identical to the Oregon statute, we stated:

> "If the exception were intended to apply only to employees of the defendant municipality, surely the significance of substituting words such as 'any municipal employee' for 'any person' would not have been overlooked by the legislature. The weakness of plaintiff's argument is that essentially it is directed at the wisdom of the limitation embodied in language which, it must be acknowledged, is clear and free from ambiguity * * *."

*Id.* at 574 (quoting *McCarty v. Village of Nashwauk*, 286 Minn 240, 175 NW2d 144, 147 (1970)).

Plaintiff raises three separate arguments as to why *Granato* does not control the outcome of this case: (1) *Moustachetti* and *Stone* changed the focus of the inquiry under ORS 30.265(3)(a) "from the compensability of a particular injury to the type of legal harm at issue" thereby making *Granato* inapplicable; (2) *Granato* "neither discussed, analyzed, nor considered the specific provisions of the workers' compensation laws relating to third party claims" and had the court addressed that issue the result in *Granato* would have been different; and (3) the court's analysis in *Granato* was "simply wrong." We find plaintiff's reasoning unavailing.

Primarily, we fail to see, and plaintiff does not explain, how *Moustachetti* and *Stone* affect the viability of our decision in *Granato*. *Moustachetti* and *Stone* clarified that the proper focus of our inquiry under ORS 30.265(3)(a) is on the nature of the "legal injury" at issue. *Granato* does not, in any way, contradict that focus. Instead, *Granato* falls neatly within the confines of the proper inquiry explained by

*Moustachetti* and *Stone*; namely, that the focus in determining whether a claim is "covered by any workers' compensation law" under ORS 30.265(3)(a) is on the "legal injury," not on the relationship between the injured person and the public body, as plaintiff posits here. *Moustachetti* and *Stone* did not implicitly overrule *Granato*.

Next, plaintiff argues that *Granato* is not controlling because the court did not address the relationship between ORS 30.265(3)(a) and the provisions of the workers' compensation law that expressly preserve an injured worker's claims against third parties, ORS 656.154.[6] The essence of plaintiff's argument is that if ORS 30.265(3)(a) applies to third-party public bodies, then it conflicts with ORS 656.154, which expressly allows injured workers to seek a remedy against third parties whose negligence caused their injury. We disagree. There is no conflict between ORS 30.265(3)(a) and ORS 656.154. ORS 656.154 permits an injured worker to "seek a remedy" against third parties whose negligence caused his or her injury. The right to "seek a remedy" under ORS 656.154 does not guarantee a remedy against that third party; there may be other statutory provisions that preclude such recovery. Here, ORS 30.265(3)(a) precludes plaintiff's recovery against defendant, a third-party public body, just as any claim under ORS 656.154 could be precluded by a statute of limitations. The statutes are not in conflict.

Further, although *Granato* predates *PGE*, its interpretation of the statute is not to be disregarded. *See Mastriano v. Board of Parole*, 342 Or 684, 691-92, 159 P3d 1151 (2007) (rejecting the proposition that cases predating *PGE* should be discounted on that basis). Here, our *PGE* analysis, 213 Or App at 639, confirms *Granato's* interpretation that the statutory text is unambiguous. *Granato* remains viable law.

Finally, plaintiff contends that *Granato* was "simply wrong." In *Granato*, we stated:

---

[6] ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person."

"To accept the interpretation plaintiff would have us adopt would render [ORS 30.265(3)(a)] redundant. Any person who sustains a work-related injury while employed by a municipality is precluded by * * * the Workmen's Compensation Act from bringing a tort action for damages against his employing municipality."

*Granato*, 5 Or App at 573 (quoting *McCarty*, 175 NW2d at 147). Plaintiff argues that *Granato* was incorrect because ORS 30.265(3)(a) is not redundant of the exclusive remedy provisions of workers' compensation law. As we understand plaintiff's argument on this point, she contends that, because the Oregon Tort Claims Act is "exclusive and supersedes all conflicting laws on the same subject," pursuant to ORS 30.300, it was necessary for the legislature to enact ORS 30.265(3)(a) to avoid "eliminating the applicability of the workers' compensation act to public employers." We are not persuaded by plaintiff's reasoning. If ORS 30.265(3)(a) applies only to claims brought against a public body by its own employees, as plaintiff posits, then ORS 30.265(3)(a) is redundant to the exclusive remedy provisions of workers' compensation law, ORS 656.018. ORS 656.018(1)(a) provides that the workers' compensation liability of employers, including public bodies, that satisfy the duties of ORS 656.017(1) is "exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers." Plaintiff's proposed interpretation of ORS 30.265(3)(a) would render it redundant of ORS 656.018(1)(a) because the public body employer, assuming it complied with the requirements of ORS 656.017(1), is already immune from liability and ORS 30.265(3)(a) would not be necessary.

■■ We conclude that ORS 30.265(3)(a) grants immunity to all public bodies, including third-party public bodies, in defending against a civil claim brought against them for the injury to or death of any person covered by any workers' compensation law. That conclusion is consistent with prior cases acknowledging the immunity of third-party public bodies under ORS 30.265(3)(a). *See Storm v. McClung*, 334 Or 210, 223, 47 P3d 476 (2002) (ORS 30.265(3)(a) precluded wrongful death and negligence claims against a third-party public

body); *Stone*, 182 Or App at 464 (battery claim against third-party public body precluded by ORS 30.265(3)(a)); *Brentano v. Marion County*, 150 Or App 538, 540, 946 P2d 705 (1997) (third-party public body immune to negligence claim under ORS 30.265(3)(a)); *Granato*, 5 Or App at 573-74. The trial court did not err in granting summary judgment for Lane County on the ground that it was entitled to immunity under ORS 30.265(3)(a).

We turn to plaintiff's second assignment of error, in which she contends that application of ORS 30.265(3)(a) to her wrongful death claim violates the remedy clause of Article I, section 10, of the Oregon Constitution.[7] Plaintiff's contention is premised on the argument that a claim for wrongful death existed at common law and, therefore, the legislature cannot bar a wrongful death claim. In *Juarez v. Windsor Rock Products, Inc.*, 341 Or 160, 144 P3d 211 (2006), the Supreme Court refused to overrule its prior cases rejecting a common-law wrongful death cause of action.[8] *See Storm*, 334 Or at 222 n 4, ("Since at least 1891, [we] ha[ve] adhered to the view that no right of action for wrongful death existed at common law."); *see also Kilminster v. Day Management Corp.*, 323 Or 618, 627, 919 P2d 474 (1996) ("Oregon has no common law action for wrongful death."). We are bound by prior case law and thus conclude that the trial court did not err in concluding that the application of ORS 30.265(3)(a) to plaintiff's wrongful death claim did not violate Article I, section 10, of the Oregon Constitution. *See also Groth v. Hyundai Precision and Ind. Co.*, 209 Or App 781, 801, 149 P3d 333 (2006) ("Under existing Supreme Court case law, wrongful death actions are purely statutory and exist only in the form and with the limitations chosen by the legislature.").

In plaintiff's third assignment of error, she contends that the trial court erred in dismissing the individual defendants, because her claim for injury suffered by Deputy Taylor

---

[7] Article I, section 10, of the Oregon Constitution provides, in part:

"* * * every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

[8] The court decided that it need not resolve the question of whether the common law recognized a cause of action for wrongful death because the plaintiff did not allege the proper type of injury. *Juarez*, 341 Or at 169.

prior to his death existed at common law and the application of ORS 30.265(3)(a) to that claim denied her the right to an adequate remedy under Article I, section 10. Lane County disagrees; it argues that, at common law, plaintiff's claims for Deputy Taylor's injuries would have terminated at his death. Further, Lane County contends that any survival of that claim beyond Deputy Taylor's death is based on ORS 30.075, which provides, in part, "[c]auses of action arising out of injuries to a person * * * shall not abate upon the death of the injured person." ORS 30.075(1). Because the extension of plaintiff's injury claim was legislatively created, Lane County argues that the legislature could limit the extension without violating the remedy clause. We agree with Lane County.

■        As the Supreme Court explained in *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 124, 23 P3d 333 (2001), the purpose of the remedy clause was to protect "absolute [*common law*] *rights* respecting person, property, and reputation." (Emphasis added.) If a claim is statutory, "the legislature may limit the action as it chooses" without violating Article I, section 10. *Storm*, 334 Or at 222.

■        Plaintiff's claim, as opposed to any claim Deputy Taylor might have asserted had he survived, for injuries suffered by Deputy Taylor prior to his death is not a claim that existed at common law. "At common law an action for bodily injury abated upon the death of either the injured party or the tortfeasor." *Mendez v. Walker*, 272 Or 602, 603-04, 538 P2d 939 (1975). Abatement, as used in this context, means the "action is utterly dead." *Id.* at 603 n 1. The claim for injury to the deceased survives only to the extent that the common law has been modified by statute. *Id.* The claim for injury to Deputy Taylor survived his death by virtue of ORS 30.075. Because the survival of plaintiff's claim was based in statute, the legislature could choose to limit the claim without violating the remedies clause of Article I, section 10.

Moreover, ORS 30.075(3) provides, in part:

"If an action for wrongful death under ORS 30.020 is brought, recovery of damages for disability, pain, suffering and loss of income during the period between injury to the

decedent and the resulting death of the decedent may only be recovered in the wrongful death action[.]"

Here, plaintiff's complaint seeks compensation for Deputy Taylor's conscious pain and suffering prior to his death, within her wrongful death claim. Because ORS 30.075(3) provides that those damages may be recovered only in the wrongful death action and, as we concluded above, the application of ORS 30.265(3)(a) to that claim was constitutional, plaintiff's third assignment of error also fails.

Affirmed.

**SERCOMBE, J.,** concurring.

I concur with the majority's determinations on the second and third assignments of error and with the result reached on the first assignment of error, relating to the meaning of ORS 30.265(3)(a). However, I do not agree entirely with the reasoning used by the majority in its construction of ORS 30.265(3)(a), which provides:

"Every public body and its officers, employees and agents acting within the scope of their employment or duties, or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598, are immune from liability for:

"(a)   Any claim for injury to or death of any person covered by any workers' compensation law."

The statute then lists five other types of claims for which "every public body" is immune from liability.

Plaintiff contends that the workers' compensation law coverage immunity under ORS 30.265(3)(a) should apply only to claims where the plaintiff otherwise has a remedy under the Workers' Compensation Law against this public body defendant. Lane County argues for a broader scope of the immunity—that ORS 30.265(3)(a) immunizes against claims where the plaintiff has a remedy under the Workers' Compensation Law for the same harm against any employer.

We decided this question in *Granato / Strader v. City of Portland*, 5 Or App 570, 485 P2d 1115 (1971), concluding that the workers' compensation coverage provided by the plaintiffs' private employer barred their tort claims against

the City of Portland for the same injuries under a prior version of ORS 30.265(3)(a). *Granato/Strader* is not clearly wrong. Its holding demands respect under the principle of *stare decisis* and is determinative of the first assignment of error here.

To the extent a reexamination of the text and context of ORS 30.265(3)(a) is necessary, its meaning is plain. The immunity exists whenever "any" workers' compensation law provides coverage to a claimant, not just when particular workers' compensation law coverage exists because the claimant was employed by the alleged public tortfeasor. The narrow construction of ORS 30.265(3)(a) advanced by plaintiff makes ORS 30.265(3)(a) redundant of ORS 656.018 (workers' compensation liability exclusive of all other remedies against employer) and ORS 30.265(3)(d) (public body tort claim immunity for "[a]ny claim that is limited or barred by the provisions of any other statute"). The construction of ORS 30.265(3)(a) that was settled in *Granato/Strader* is necessary in order to give the statutory provision any content at all.

The majority goes astray in framing the different potential meanings of ORS 30.265(3)(a). It states the choices to be whether the immunity arises only when workers' compensation coverage exists because plaintiff was employed by the defendant public body or because plaintiff was employed by any *public* body. So framed, the majority prefers the latter interpretation because the tort immunities listed in ORS 30.265(3), according to its terms, apply to " 'every' public body, not just to those public bodies that employed the injured person." 213 Or App at 639.

Again, I believe the issue is whether ORS 30.265(3)(a) creates an immunity whenever workers' compensation coverage exists, whether the employer is a public entity or a private person. The choice is whether the coverage providing immunity is a defendant's workers' compensation coverage or that of any employer. The textual application of the set of ORS 30.265(3) tort immunities to "every public body" is irrelevant to that issue.

More generally, however, the application of the entirety of ORS 30.265(3) and its package of immunities to

"every public body" is immaterial to the meaning of any particular conferred immunity. Whatever the meaning of ORS 30.265(3)(a) on workers' compensation coverage immunity, whether the immunity is construed broadly or narrowly, the statutory subsection will apply to "every public body." "Every public body" can obtain the workers' compensation coverage immunity whether that immunity exists only for torts against the public body's employees or if it exists for torts against those employees and others. Who is entitled to invoke the ORS 30.265(3) immunities of "every public body" is not relevant to what the nature of any particular immunity might be.

This quibble is not mere hairsplitting. The method of construing ORS 30.265(3)(a) adopted by the majority reads the scope of the workers' compensation coverage immunity broadly because the set of listed immunities applies to "every public body." If this logic is correct, then the discretionary function immunity stated in ORS 30.265(3)(c) also should be construed expansively in favor of public bodies because it too is available to "every public body." I do not believe that this legislative intent can be inferred from the language of ORS 30.265(3). "Every public body" is accountable for its torts under ORS 30.265(1), and there is no reason to read the exceptions to this rule more broadly because they too apply to "every public body."

The holding of the majority opinion, reaffirming the teachings of *Granato / Strader* on the meaning of the workers' compensation coverage immunity, is correct. I write separately only to disagree with any implication that the availability of any particular tort immunity to "every public body" is a clue to the scope of the immunity itself.