**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GARY KRELA, individually and on behalf of the Estate of George Raymond Kryla and LINDA KRELA,<br><br>              Plaintiffs - Appellants,<br><br>  v.<br><br>FLORENCE KRYLA, AKA Florence Fenton, AKA Florence Gleason, AKA Florence Kelley; et al.,<br><br>              Defendants - Appellees. | No. 13-35228<br><br>D.C. No. 6:12-cv-01089-TC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Submitted October 10, 2014[**]
Portland, Oregon

Before: GOULD, CHRISTEN, and NGUYEN, Circuit Judges.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gary and Linda Krela appeal from the district court's dismissal of their diversity action, in which they alleged claims of wrongful death, negligence under Oregon's survivor statute, elder abuse, and professional negligence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The district court properly considered Oregon law in determining whether the Krelas had standing to bring their Oregon statutory claims. A federal court exercising diversity jurisdiction must apply state substantive law. *Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 755 (9th Cir. 2010) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Accordingly, the Krelas can raise state law claims in this diversity action only if they could have raised those claims in state court.

The district court correctly concluded that the Krelas lacked standing to bring their statutory claims for wrongful death,[2] *see* Or. Rev. Stat. § 30.020, personal injury under Oregon's survivor statute, *see* Or. Rev. Stat. § 30.075, and elder abuse, *see* Or. Rev. Stat. § 124.100, because neither Greg nor Linda Krela is a personal representative of George Kryla's estate. The Oregon courts have held that

---

[1]    The parties are familiar with the facts, so we will not recount them here.

[2]    The Krelas' wrongful death claim does not refer to any statute, but "the Oregon Supreme Court has held repeatedly that . . . the right of action for wrongful death is purely statutory." *Fields v. Legacy Health Sys.*, 413 F.3d 943, 959 (9th Cir. 2005) (collecting cases). An action for wrongful death in Oregon is governed by Or. Rev. Stat. § 30.020.

"[o]nly a personal representative of the decedent's estate may prosecute a wrongful death suit for the benefit of the decedent's survivors or intestate successors." *Brown v. Hackney*, 208 P.3d 988, 992 (Or. Ct. App. 2009) (citing Or. Rev. Stat. § 30.020). Oregon Revised Statute § 124.100(3) expressly provides that an action for elder abuse on behalf of a deceased person may be brought by only "[a] personal representative for the estate of a decedent who was a vulnerable person at the time the cause of action arose." The Oregon courts have not directly addressed who has standing to bring a survival action under Oregon Revised Statute § 30.075. But an action for bodily injury survives the death of the injured party "only to the extent that the common law has been modified by statute," *Taylor v. Lane Cnty*, 162 P.3d 356, 363 (Or. Ct. App. 2007) (citing *Mendez v. Walker*, 538 P.2d 939, 939 (Or. 1975)). Thus, because Oregon Revised Statute § 30.075 affirmatively creates a cause of action only in the decedent's personal representative, no other plaintiff may maintain such an action.

The Krelas also lacked standing to bring any common law professional negligence claims. To the extent George Kryla accrued claims before his death for professional negligence, those claims survived under Oregon Revised Statute § 30.075. As discussed, only a personal representative of the decedent's estate may bring a claim under § 30.075.

3

Because the Krelas lacked standing to bring their claims, we do not consider whether any of the Krelas' claims would be barred by any statute of limitations. And because the district court did not dismiss this case on the basis that it lacked diversity jurisdiction under the probate exception, we do not consider whether the probate exception would have been a basis for dismissing this action.

**AFFIRMED**.