Submitted August 18, 2015, affirmed March 23, petition for review allowed June 16, 2016 (359 Or 777)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**MATTHEW EUGENE RICHARDS,**
*Defendant-Appellant.*

Multnomah County Circuit Court
120833582; A155895

370 P3d 874

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and De Muniz, Senior Judge.

DE MUNIZ, S. J.

**DEMUNIZ, S. J.**

Defendant appeals from a judgment that revoked his probation and imposed revocation sanctions of 17 months in prison and a three-year post-prison supervision term. On appeal, defendant contends that the trial court lacked authority to revoke his probation, because he had already completed a structured, intermediate post-prison supervision sanction for the same conduct relied on by the court in revoking his probation. For the reasons explained below, we affirm.

The relevant facts are not in dispute. In November 2012, defendant pleaded guilty to one count of first-degree burglary and one count of first-degree theft. The court sentenced defendant to a probation term of three years on each conviction. Later, defendant violated conditions of his probation, and, in March 2013, the trial court continued probation on the burglary conviction and revoked probation on the theft conviction. The court imposed a revocation sanction of 60 days in jail followed by 12 months post-prison supervision on the theft conviction. In May 2013, defendant's supervising officer alleged that defendant had violated the terms of his post-prison supervision on the theft conviction by failing to contact his probation officer and by failing to notify the officer of his change in residence. The supervising officer sanctioned defendant with three days of jail for those violations of his post-prison supervision. In November 2013, based on that same conduct, the trial court revoked defendant's probation on the burglary conviction and imposed a revocation sanction of a 17-month term of imprisonment followed by three years of post-prison supervision.

As noted, on appeal defendant argues that the trial court lacked authority to revoke the probation imposed on the burglary conviction based on the same conduct for which defendant had served the three-day jail sanction for violating conditions of post-prison supervision on the theft conviction. Defendant relies on ORS 137.593(3), which provides:

> "In no case may the sentencing judge cause a probationer to be brought before the court for a hearing and revoke probation or impose other or additional sanctions

after the probationer has completed a structured, intermediate sanction imposed by the Department of Corrections or a county community corrections agency pursuant to rules adopted under ORS 137.595."

Defendant argues that the trial court lacked authority to revoke defendant's probation on the burglary conviction, because defendant had completed a structured, intermediate sanction for the post-prison supervision violation on the theft conviction, pursuant to "rules adopted under ORS 137.595." ORS 137.593(3). In support of that argument, defendant refers to OAR 291-058-0045(3)(b). That rule was adopted under ORS 137.595 and provides, in part, that "[a]n administrative sanction or intervention at the agency level cannot be imposed on more than one case at a time and cases cannot be sanctioned separately for individual violations arising from a series of violations." According to defendant, because the rule does not distinguish between structured, intermediate sanctions imposed for violation of conditions of post-prison supervision and sanctions imposed for violation of probation, the trial court was prohibited from revoking his probation based on the same conduct for which he had already been sanctioned.

The state responds that the text and context of the statute establish unambiguously that ORS 137.593(3) limits the authority of a court to impose a probation revocation sanction when an administrative sanction for the same probation violation has been imposed by the probation supervisory authority. The statute does not apply to limit judicial authority when a sanction has been imposed by a different supervisory authority for violations of conditions of supervision for a different crime. We agree with the state.

As part of our long-established interpretive paradigm, we look first to the plain meaning of the statutory text and context of the provision in question, as well as other related statutes. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). Where a statute's plain meaning is unambiguous, we adopt that meaning to give effect to the legislature's intent. *See Taylor v. Lane County*, 213 Or App 633, 639, 162 P3d 356 (2007). Following those tenets of statutory construction, we review the text of ORS

137.593(3) in the context of ORS 137.595, because, based on the unambiguous text of ORS 137.593(3), no court may revoke probation if that probationer has already completed a structured, intermediate sanction imposed "pursuant to rules adopted under ORS 137.595." Whenever possible, we construe statues to be consistent with one another. ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all.").

We begin with the observation that ORS 137.593(3), on its face, applies to different sanctions for a single probation violation and not to different sanctions for a probation violation for one crime and a post-prison supervision violation for another crime. The statute uses the term "probationer" to refer to the person subjected to a sanction and potentially subject to "other additional sanctions" for a probation violation. Had the legislature intended a broader meaning—to refer to a person who is both a probationer and subject to other supervision—it would have used the term "person" or "offender." In ORS chapter 144, the legislature used the terms "person" or "offender" to describe someone on post-prison supervision and used the term "violator" to describe an individual who violates a condition of post-prison supervision. *See, e.g.,* ORS 144.106(3) ("An offender may not be confined in a restitution center, work release center or jail for more than 15 days for a violation of conditions of post-prison supervision unless [certain conditions are met]."); ORS 144.106(1) ("Except as otherwise provided by rules of the Department of Corrections and the State Board of Parole and Post-Prison Supervision concerning parole and post-prison supervision violators, the supervisory authority shall use a continuum of administrative sanctions for violations of the conditions of post-prison supervision.")

Similarly, subsection (3) prohibits the revocation of probation "after the probationer has completed a structured, intermediate sanction"—implying, at a minimum, that a structured, intermediate sanction, is one that was imposed on a "probationer" as a result of a violation of probation. Finally, subsection (3) both describes and limits the "structured, intermediate sanction" as one "imposed by the Department of Corrections or a county community

corrections agency." The Department of Corrections has no authority to impose sanctions for violations of post-prison supervision. Rather, for most felony cases, the Board of Parole and Post-Prison Supervision supervises and sanctions individuals on post-prison supervision. *See* ORS 144.101(1) - (2). Because other state agencies are responsible for post-prison supervision sanctions, the statutory text strongly indicates that "structured, intermediate sanction[s]" imposed by the Department of Corrections or a county community corrections agency are sanctions imposed for a violation of probation and that subsection (3) applies only when the supervising officer has imposed a "structured, intermediate sanction" for a probation violation.

A contextual analysis of subsection (3) points in the same direction. *See Lane County v. LCDC*, 325 Or 569, 578, 942 P2d 278 (1997) ("[W]e do not look at one subsection of a statute in a vacuum; rather, we construe each part together with the other parts in an attempt to produce a harmonious whole."). For example, subsection (1) of the statute provides that, when a defendant is placed on probation to be supervised by the Department of Corrections or a county community corrections agency, the agency "shall impose structured, intermediate sanctions" for probation violations and may not revoke probation. Subsection (2) outlines and defines a sentencing court's authority when it has placed a defendant under the supervision of an agency. The court can cause the probationer to be brought before the court for a hearing to determine whether the probationer has violated conditions of probation, and the court can revoke probation and impose an incarceration sanction. ORS 137.593(2). In summary, subsections (1) and (2) of ORS 137.593 describe the intersection of the authority granted to the court and the supervising agencies, and subsection (3) circumscribes a court's authority to revoke probation when the supervising agency has already imposed a structured, intermediate sanction. Considered as a whole, the three subsections of ORS 137.593 establish that the "structured, intermediate sanction[s]" that affect a court's authority to revoke probation are sanctions imposed for violations of the conditions of probation, not sanctions imposed for violation of conditions of post-prison supervision.

Because ORS 137.593(3) refers to ORS 137.595, we turn to the pertinent sections of that statute to ensure that our construction is consistent with all relevant provisions. ORS 137.595 provides, in part:

"(1)  The Department of Corrections shall adopt rules * * * by establishing a system of structured, intermediate *probation violation sanctions* that may be imposed by the Department of Corrections or a county community corrections agency * * *.

"(2)  Rules adopted by the Department of Corrections under this section shall establish:

"(a)  A system of structured, intermediate *probation violation sanctions* that may be imposed by the Department of Corrections or a county community corrections agency on a probationer who waives in writing a probation violation hearing, admits or affirmatively chooses not to contest the violations alleged in a probation violation report and consents to the sanctions;

"(b)  Procedures to provide a probationer with written notice of the probationer's right to a hearing before the court to determine whether the probationer violated the conditions of probation alleged in a probation violation report, and if so, whether to continue the probationer on probation subject to the same or modified conditions, or order sanctions for any violations * * *."

(Emphases added.) The reference in ORS 137.593(3) to "rules adopted under ORS 137.595" plainly refers to rules on probation violation sanctions.

Accordingly, we conclude that the statutory text and relevant context demonstrate that the legislature intended the terms "structured, intermediate sanction[s]," as used in ORS 137.593(3) to include only those sanctions imposed for violating conditions of probation for a particular crime. Although the probation and post-prison supervision sanctions are governed by a common scheme, under ORS 137.595(3), administrative probation sanctions alone affect a sentencing court's authority to revoke probation. Thus, ORS 137.593(3) does not prevent the trial court from revoking probation when an individual has already served a structured, intermediate sanction imposed for a violation

of a condition under a different form of supervision and for a different crime.

Simply put, a court may not revoke probation due to a violation of a condition of probation if the probationer has already completed a structured, intermediate probation sanction for a violation of a condition of probation for that same conviction. We conclude that, under ORS 137.593(3), a probationer's completion of a structured, intermediate sanction imposed for a violation of post-prison supervision for one conviction does not divest the trial court of authority to revoke, based on the same conduct, probation for a different conviction. Because defendant was sanctioned for a violation of post-prison supervision, the prohibition of ORS 137.593(3) was not triggered.

Affirmed.