Argued May 9, affirmed August 7, 1975

MENDEZ, *Appellant, v.* WALKER, *Respondent.*
538 P2d 939

*Richard E. Miller,* Eugene, argued the cause for appellant. With him on the brief was Miller, Moulton & Andrews, Eugene.

*Edward H. Warren,* Portland, argued the cause for respondent. With him on the brief were Milton R. Smith, and Hershiser, Mitchell & Warren, Portland.

HOLMAN, J.

Plaintiff, as a pedestrian, was struck and injured on October 17, 1966, by an automobile operated by defendant. At the time of the incident, plaintiff was a minor. This action for damages was filed on August 3, 1970, after plaintiff became of age. Defendant died on June 20, 1972, before the case was brought to trial. On August 2, 1974, plaintiff moved to substitute the personal representative of defendant's estate as defendant. The trial court denied the motion and dismissed the case because the motion was not made within one year of defendant's death. Plaintiff appeals.

■ At common law an action for bodily injury abated[1] upon the death of either the injured party or

_____

[1] *Abatement,* as used in this context, means the action is utterly dead. See authorities cited under Abatement and Revival, Actions at Law, Black's Law Dictionary 16 (4th ed 1951).

the tortfeasor. Therefore, such causes of action are continued only to the extent the common law has been modified by statute. Relevant statutes are as follows:

"ORS 115.305. Survival of causes of action. All causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter."

"ORS 115.315. Continuation of action without claim presentation. An action against a decedent commenced before and pending on the date of his death *may* be continued as provided in paragraph (b) of subsection (2) of ORS 13.080 without presentation of a claim against the estate of the decedent."[2] (Emphasis ours.)

"ORS 13.080. Nonabatement of action or suit by death, disability or transfer; continuing proceedings. (1) No action or suit shall abate by the death or disability of a party, or by the transfer of any interest therein.

"(2) In case of the death of a party, the court *shall,* on motion, allow the action or suit to be continued:

"* * * * *.

"(b) Against his personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after his death.

"* * * * *." (Emphasis ours.)

The year allowed by ORS 13.080(2)(b) in which to substitute as a party the representative of decedent's estate has been construed as the equivalent of a statute of limitations. *Linster v. East Lake Health Resort,* 143 Or 63, 64, 18 P2d 592 (1933); *Brown v. Drake,* 103 Or 607, 611, 205 P 1002, 210 P 710 (1922);

---

[2] Enacted Oregon Laws 1969, ch 591, § 166.

*Stivers v. Byrkett,* 56 Or 565, 570, 108 P 1014, 109 P 386 (1910); *Long v. Thompson,* 34 Or 359, 361, 55 P 978 (1899). 2 Jaureguy and Love, Oregon Probate Law and Practice 178-79, § 715 (1958) states:

> "The common law rule [concerning abating causes of action by death] was to the contrary; death of either party prior to perfection of an appeal abated the action.
>
> "The one-year period constitutes a statute of limitations, which by the terms of the above-quoted statute [ORS 13.080] applies to proceedings both at law and in equity." (Footnotes omitted.)

Plaintiff contends that the above-cited authorities are no longer relevant because ORS 13.080 was amended subsequent to the most recent of them by Oregon Laws 1969, ch 591, § 269, when the word *shall* was substituted for *may*. The statute previously read:

> "ORS 13.080. Nonabatement of action or suit by death, disability or transfer; continuing proceedings. No action or suit shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survives or continues. In case of the death or disability of a party, the court *may,* at any time within one year thereafter, on motion, allow the action or suit to be continued by or against his personal representatives or successors in interest." (Emphasis ours.)

Plaintiff argues that this statutory change results in plaintiff's having an absolute right to substitute defendant's personal representative within one year after death, and that the statute does not now prevent the court from exercising its discretion to permit plaintiff to substitute the defendant's personal representative at any time within the period allowed by ORS 115.-005(4), which states:

> "If notice to interested persons is not published,

claims not presented within three years after the death of the testator or within the applicable statute of limitations, whichever is earlier, are barred from payment."

The three-year limitation in this statute for which plaintiff contends did not go into effect until January 1, 1974. Oregon Laws 1973, ch 506, §§ 43 and 47. Subsection (3) of the former section provides:

"An act done before the effective date of this act in any proceeding and any accrued right shall not be impaired by this Act. When a right is acquired, extinguished or barred upon the expiration of a prescribed period of time which has commenced to run by the provisions of any statute before the effective date of this Act, those provisions shall remain in force with respect to that right."

If the one-year limitation in ORS 13.080(2)(b) is applicable, it had commenced to run and had, in fact, elapsed prior to the effective date of ORS 115.005(4).

■ In any event, it is our conclusion that rights of action which are filed prior to the death of a defendant were intended to be continued in accordance with the provisions of ORS 13.080(2)(b), and that the other procedures for presentation of claims and filing of actions provided for by ORS chapter 115 were intended to cover only those situations in which the actions against a decedent have not been commenced prior to the time of his death.

■ We do not attach the importance which plaintiff does to the change from *may* to *shall* in ORS 13.080. We believe the revised wording was intended to indicate only that a plaintiff would have an absolute right to the substitution if timely application was made in accordance with the statute, and that the change was not intended to reflect upon the question of whether the procedures for presentation of claims to the personal representative provide alternative methods for

perpetuating a cause of action already commenced at defendant's death. The amendment was made in accordance with the recommendations of the Advisory Committee on Probate Law Revision. There is nothing to indicate the Committee was intending to change established law. On the contrary, the indication is that the Committee's intention was to make clear that the applicant had an absolute right to substitution if application was made within a year.

■ An argument might be made, which plaintiff does not make, that the enactment by the 1969 legislature of ORS 115.315, which refers to ORS 13.080(2)(b) and uses the word *may*, indicates that ORS 13.080 was not intended as the exclusive means by which a right of action may be continued which is brought before the death of the defendant. The statute was also enacted as part of the 1969 Probate Law Revision and the statutory history, while somewhat confusing, indicates that the statute was intended only as a cross-reference aid and not as a change in previously existing law. We believe that if an intention to change the case law on the subject existed, the advisory committee and the legislature would have left plainer tracks to follow.

The judgment of the trial court is affirmed.