# STATE ex rel ADULT AND FAMILY SERVICES DIVISION,
## *Respondent,*

*v.*

## Clyde Richard MATTES, Jr.,
### *Appellant.*

## (F109,005; CA A76897)

862 P2d 574

Loralee McKee argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder. Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Leeson, Judges.

EDMONDS, J.

**EDMONDS, J.**

Father appeals from a judgment modifying the child support provisions of a paternity judgment. He assigns error to the denial of his motion to dismiss, ORCP 21A, and to the finding of a substantial change of circumstances. We affirm.

This case arises out of a "stipulated order of paternity" entered in 1980, which included a provision for child support. Father's child support obligation was modified several times during the ensuing years. In January, 1991, Support Enforcement Division (SED), on behalf of petitioner Adult and Family Services Division (AFS), filed a "Notice of Modification" seeking to increase father's support obligation to $246 per month.[1] In February, 1991, both mother and father signed consents to the entry of a judgment modifying child support. On May 24, 1991, the court entered a "Modification Judgment (By Consent)."[2] That judgment provided, in part, that father pay child support of $246 per month until his son reached "age 18, become(s) emancipated, or until age 21 if attending school as defined in ORS 107.108." Father objected to the language of the judgment, arguing that he had not consented to child support continuing beyond age 18.[3] The son turned 18 on May 31, 1991, and on June 17, he began attending ITT Technical Institute (ITT), pursuing a degree in electronic engineering. On July 2, the court entered an "Amended Modification Judgment (By Consent)" deleting the provision for support to continue past age 18 if the son was attending school.

In December, 1991, AFS again moved to modify father's support obligation to provide child support while the son was attending ITT. Father moved to dismiss under ORCP 21A(6), arguing that AFS was not the real party in interest.

---

[1] According to the notice, the modification was sought because more than two years had passed since the entry of the most recent modification order, and because the judgment was not in compliance with the child support guidelines. ORS 25.287.

[2] There is no explanation as to why nearly three months passed between the time mother and father signed their consent to the modification, and when the judgment was signed and entered.

[3] Although the original paternity judgment provided for the son's support to continue until age 21 if attending school, that provision was dropped from the terms of the subsequent modifications. According to petitioner's attorney, that change was merely an oversight.

The court denied the motion. The court granted the motion to modify, determined that the presumptive support amount of $304 per month had been rebutted, and ordered father to pay $200 per month for child support. Father assigns error to the court's denial of his motion to dismiss AFS's motion to modify child support. AFS stipulated that there was no support arrearage owed, no collectible unreimbursed assistance existing, and that mother had not assigned her support rights to AFS. Father argues that, in the light of that stipulation, AFS is not the real party in interest. ORCP 21A(6). In reviewing the denial of father's motion to dismiss in this case, we consider the record as a whole. *See Scholes v. Sipco Services & Marine, Inc.*, 103 Or App 503, 506, 798 P2d 694 (1990).

■       Even if AFS is not the real party in interest, the court may not dismiss this action if the real parties in interest, mother and the son, have ratified the action. ORCP 26A. They provided affidavits for AFS's use with its motion to show cause, submitted separate uniform support affidavits to the court, and testified as to a substantial change of circumstances. The son was named as the judgment creditor in the judgment. In the light of those facts, AFS's action was ratified by the real parties in interest, and, therefore, the court did not err in denying father's motion to dismiss.

Father also assigns error to the court's finding of a substantial change of circumstances. He argues that, because the son was a "child attending school" at the time the July, 1991 modification judgment was entered, there has been no change of circumstances since the last order of support. AFS responds that "[a] court may modify a decree to extend child support for a child who has turned 18 and is attending school without a showing of a substantial change of circumstances." We rejected AFS's argument in *Eusterman and Eusterman*, 41 Or App 717, 598 P2d 1274 (1979), when we considered whether there was sufficient proof of a change of circumstance to extend a child support obligation for an 18-year-old child about to start college. We said:

"Given that the onset or imminence of school attendance is a change of circumstances, it does not necessarily follow that child support should automatically be extended potentially to age 21. The child in question might receive a full

tuition, room, board and spending money scholarship or be planning to attend a military academy at literally or virtually no expense. The onset or imminence of school attendance merely authorizes further inquiry on the merits; it does not necessarily determine the merits." 41 Or at 726.

The party seeking to modify an award of child support must prove a substantial change in a party's economic circumstances that was not contemplated at the time of the last support modification, and must prove that those changes occurred after the time of the last order affecting the judgment. *Richmond and Richmond*, 103 Or App 55, 58, 795 P2d 1104 (1990). Moreover, if a basis for modification can be fairly raised at the time of the hearing on the motion for modification, then the moving party has an obligation to raise the matter at that time or will be deemed to have waived it. *Nelson and Nelson*, 27 Or App 167, 170, 555 P2d 806, *rev den* 277 Or 1 (1977); *see also D'Ambrosio v. D'Ambrosio*, 15 Or App 435, 439, 515 P2d 1353 (1973).

However, a rigid application of those rules is not always appropriate. For instance, we have held that a court may properly consider as a "subsequent" change of circumstance the fact that a support obligor lost his job after the date of hearing but before the judgment was entered. Thus, in *Sills and Sills*, 63 Or App 157, 160, 662 P2d 795, *rev den* 295 Or 446 (1983), we said:

"While husband's unemployment may have been anticipated at the time of the dissolution trial, it ought not to have been considered in fixing his support obligations, because it was speculative."

A similar situation exists here.

The parties' intention in February, 1991, was to provide for a support obligation that would end on the son's 18th birthday. The son testified that he did not apply to ITT until March or April of 1991 and did not decide to attend there until "towards the end of graduation." He graduated on May 31, 1991. The judgment that reflected the parties' intention in February was not entered until July, 1991. The fact that it was entered after the son began attending ITT is a mere fortuity, because the judgment entered in May did not accurately reflect the parties' stipulation. Although mother and father may have anticipated that their son would continue his

education, and mother so informed AFS in April or May of 1991, the decision whether to attend remained with the son and was not made until months after the parties had consented to a modification. Under these circumstances, the trial court did not err when it found that there had been a change of circumstances since the last support order and ordered support for a period of time not contemplated by the consent judgments.

Father's other assignments of error do not require discussion.

Affirmed.