*537 BREWER, J.
The question in this case is whether plaintiff’s survival action against a public body must be brought within two years or three years of the alleged injury. Either of two statutes supplies the answer. On the one hand, ORS 30.275(9) provides that, “notwithstanding any other *** statute providing a limitation on the commencement of an action,” a tort action against a public body must be filed within two years after the alleged loss or injury. On the other hand, ORS 30.075(1) provides that survival actions for personal injuries must be brought within three years of the alleged loss or injury. The determinative inquiry is whether ORS 30.075(1) constitutes a “statute providing a limitation on the commencement of an action.” If it does, then it falls within the notwithstanding clause of ORS 30.275(9), and the two-year limitation period set out in that statute applies. For the reasons that follow, we conclude that ORS 30.075(1) does constitute a “statute providing a limitation on the commencement of an action,” thus triggering the two-year limitation period of ORS 30.275(9).
We take the undisputed facts and some of the procedural history of the case from the opinion of the Court of Appeals.
“On September 4, 2007, decedent allegedly sustained personal injuries while disembarking from a bus operated by [defendant]. Decedent died, on September 9, 2008, from causes unrelated to the bus accident. On September 18, 2009 — more than two years, but less than three years, after the bus incident — plaintiff, decedent’s personal representative, filed a complaint alleging that [defendant] had negligently injured decedent and seeking damages for the alleged personal injuries.
“[Defendant] moved to dismiss, ORCP 21 A(9), contending that plaintiff’s action was barred under ORS 30.275(9) the statute of limitations for claims under the Oregon Tort Claims Act (OTCA), ORS 30.260 to 30.300.
“In response, plaintiff asserted that, given decedent’s intervening death, the complaint was subject not to the *538 two-year limitation of ORS 30.275(9) but, instead, to the three-year period described in ORS 30.075(1).
Bell v. Tri-Met, 247 Or App 666, 668-69, 271 P3d 138 (2012) (footnotes omitted). The trial court concluded that ORS 30.275(1) established a limitation on the commencement of a survival action for personal injuries that is superseded, in a tort action against a public body, by the two-year limit set out in ORS 30.275(9). Accordingly, the court granted defendant’s motion to dismiss on the ground that plaintiff had commenced the action more than two years after the injury-producing incident.
Plaintiff appealed, and the Court of Appeals affirmed. The court held that, “with respect to an action for personal injury brought by a decedent’s personal representative against a public body, the two-year limitation for the commencement of an action in ORS 30.275(9) precludes the application of the three-year limitation provided in ORS 30.075(1).” Bell, 247 Or App at 675. Because it had concluded in an earlier decision that ORS 30.075(1) is a “statute providing a limitation on the commencement of an action,” Giulietti v. Oncology Associates of Oregon, 178 Or App 260, 36 P3d 510 (2001), the court held that ORS 30.075(1) fell within the scope of the notwithstanding clause of ORS 30.275(9).
On review, plaintiff contends that the Court of Appeals erred in concluding that ORS 30.275(9) precludes application of the three-year limitation period set out in ORS 30.075(1). According to plaintiff, that three-year period merely extends or tolls the underlying two-year limitation period for personal injury claims set out in ORS 12.110 in circumstances where the decedent has died during that period without bringing an action. Therefore, plaintiff urges, ORS 30.075(1) does not, itself, constitute a limitation on the commencement of an action that is subject to the notwithstanding clause of ORS 30.275(9).
In support of that argument, plaintiff relies on this court’s decision in Baker v. City of Lakeside, 343 Or 70, 83, 164 P3d 259 (2007). At issue in Baker was whether the notwithstanding clause in ORS 30.275(9) applied to ORS 12.020(2), a statute that permits service of process to relate *539 back to the date on which the complaint was filed.[1] We held that it did not, because “the notwithstanding clause in ORS 30.275(9) applies only to those provisions of ORS chapter 12 and other statutes that provide a limitation on the commencement of an action,” and ORS 12.020 was not such a statute. Baker, 343 Or at 83 (emphasis added). In reaching that conclusion, we discussed in detail the legislative history of ORS 30.275(9). Id. at 77-82. In summary, we observed that
“[n]othing in the legislative history suggests that the legislature intended to depart from the longstanding rule of procedure found in ORS 12.020(2), nor does it suggest that the legislature intended to deny children and persons with mental disabilities bringing OTCA claims the advantage of a tolling provision that is available to them in every other action.”
Id. at 82 (emphasis added); see also ORS 12.160 (providing that, if a cause of action accrues at a time when the person entitled to bring that action is either under 18 years of age or suffering from a mental disability, the statute of limitations applicable to the action is tolled for so long as the person remains under 18 or as long as the person’s mental disability persists).
As plaintiff understands it, Baker holds that statutes such as ORS 12.160 that toll or extend underlying statutes of limitation are not “limitations on the commencement of an action” and, thus, apply to actions against public bodies despite ORS 30.275(9).[2] Plaintiff asserts that ORS 30.075(1) similarly extends an underlying limitation period — the two-year time limit in ORS 12.110 — to three years when an injured person dies before bringing an action. It follows, plaintiff reasons, that ORS 30.075(1) constitutes a tolling *540 provision that is not superseded by the notwithstanding clause in ORS 30.275(9). Defendant replies that ORS 30.075(1) neither extends nor tolls an underlying statute of limitations but, rather, constitutes a separate statute of limitations for survival actions that are brought, in the first instance, by a decedent’s personal representative. Therefore, defendant asserts, the Court of Appeals correctly concluded that the three-year period established in ORS 30.075(1) is “a limitation on the commencement of an action” that is superseded by the notwithstanding clause of ORS 30.275(9).
Because this case presents a question of interpretation involving the interplay between two statutes, we resolve it under the principles set out in State v. Gaines, 346 Or 160, 206 P3d 1042 (2009); that is, we examine the text and context of the statute and any legislative history that appears to be helpful at that level of analysis. Dept. of Human Services v. G. D. W., 353 Or 25, 34, 292 P3d 548 (2012). The pertinent context includes “other provisions of the same statute and other related statutes, as well as the preexisting common law and the statutory framework within which the statute was enacted.” Fresk v. Kraemer, 337 Or 513, 520-21, 99 P3d 282 (2004).
ORS 30.075(1) provides:
“Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section, or within three years by the personal representatives if not commenced prior to death.”
ORS 30.275(9) provides:
“Except as provided in ORS 12.120, 12.135 and 659A.875, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act *541 or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury.”
As we explained in Baker, the “notwithstanding clause” of ORS 30.275(9) “applies only to those provisions of ORS chapter 12 and other statutes that provide a limitation on the commencement of an action.” 343 Or at 83. Such a limitation is, in different words, a statute of limitations. Id. at 82-83 (“[I]n amending what is now ORS 30.275(9), the legislature focused solely on the question of statutes of limitations.”). Thus, the dispositive question in this case is whether the three-year time limit for bringing a survival action in ORS 30.075(1) establishes a “limitation on the commencement of an action”; that is, whether it is a statute of limitations.
A statute of limitations is “[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered).” Black’s Law Dictionary 1450-51 (8th ed 2004). We note first that, like the two-year statute of limitations, ORS 12.110(1), the three-year limit in ORS 30.075(1) is measured from the accrual of the cause of action, not from the death of the decedent or any other interrupting event. Consistently with that understanding, as the Court of Appeals observed, “the three-year provision of ORS 30.075(1) is — like any statute of limitations — defined and measured solely by reference to the accrual of the cause of action.” Bell, 247 Or App at 674.
Plaintiff nevertheless asserts that the three-year limit in ORS 30.075(1) is not a statute of limitations but, rather, is a tolling provision that, like ORS 12.160, is not superseded by ORS 30.275(9). First, plaintiff notes that tolling provisions extend the time for filing an action to which, but for tolling, a shorter limitation period would apply. Plaintiff observes that, based on a decedent’s intervening death, ORS 30.075(1) affords the decedent’s personal representative three years within which to commence the same action that the decedent, if he or she had survived, was required to commence within two years.
*542 In addition to the arguments that plaintiff makes, amicus Oregon Trial Lawyers Association (OTLA) asserts that ORS 30.075(1) applies only to independent, “freestanding” limitations on the commencement of an action. OTLA asserts that ORS 30.075(1) merely extends or tolls a different statute of limitations, ORS 12.110, and that the three-year limit, in ORS 30.075(1) therefore is not superseded by the two-year limitation period set out in ORS 30.275(9). Because OTLA’s reasoning amounts to a variant of plaintiff’s theory, we address those arguments together.
As often is the circumstance with statutory construction, the framing of the analysis of the statutes at issue matters. So, too, in this case, the outcome of which depends on whether ORS 30.075(1) is interpreted to impose a three-year statute of limitations or, alternatively, merely toll or extend an underlying statute of limitations. Here, there is no neat solution, and the best answer lies in sifting the analytical sand for probability, not certainty, of legislative intent.
Although plaintiff argues that ORS 30.075(1) is a “tolling” statute, that is not correct. A tolling statute is “[a] law that interrupts the running of a statute of limitations in certain situations, as when the defendant cannot be served with process in the forum jurisdiction.” Black’s at 1525. Unlike a tolling statute, the “or within three years” clause of ORS 30.075(1) does not “interrupt” the running of an otherwise applicable two-year statute of limitations, ORS 12.110(1). Instead, it establishes a separate limitation period for commencing an action to enforce rights and liabilities that the legislature first created in the same statute.
ORS 30.075(1) was enacted in 1965. Or Laws 1965, ch 620, § 4. Before ORS 30.075(1) was enacted, ORS 121.010 (1963) had provided that
“[a] cause of action arising out of an injury to the person dies with the person of either party, except as provided in ORS 30.020[3] and 30.080;[4] but the provisions of ORS *543 30.020 and 121.010 to 121.100 shall not abate the action mentioned in ORS 13.090,[5] or defeat or prejudice the right of action given by ORS 30.010. [6]”
ORS 121.010 had been part of Oregon law since before statehood. See General Laws of Oregon, Civ Code, ch IV, title VI, § 365, p 241 (Deady 1845-1864). The legislature repealed ORS 121.010 when it enacted ORS 30.075(1). See Or Laws 1965, ch 620, § 1. A survival action such as ORS 30.075(1), unlike the wrongful death statute, ORS 30.020, does not constitute an entirely new claim for relief. See, e.g., Hayes v. Hansen, 175 Or 358, 397-99, 154 P2d 202 (1944) (distinguishing between characteristics of wrongful death and survival actions). Viewed in that light, it makes sense to provide, as the legislature did in ORS 30.075(1), that a survival action for personal injury does not “abate” upon the death of an injured person. When a claim “abates” it is “nullif[ied],” and “ma[d]e void[,]” Webster’s Third New Int’l Dictionary 2 (unabridged ed 2002), much the same as a personal injury claim “die[d] with the person” under former ORS 121.010. Thus, when the legislature provided in ORS 30.075(1) that such an action does not abate on the decedent’s death, it expressly reversed the prior state of the law. That is, by enacting ORS 30.075(1) and simultaneously repealing ORS 121.010, the legislature created new rights and liabilities arising from personal injury where an injured person dies before or after commencing an action. See Wiebe v. Sealy, 215 Or 331, 371-72, 335 P2d 379 (1959) (describing survival statute for claims against deceased tortfeasor as creating “new rights and liabilities” that only apply prospectively). In particular, the legislature created survival rights and liabilities for personal injuries in the first sentence of ORS 30.075(1); in the second sentence of the same provision, the legislature established the limitation period for the commencement of such an action by the personal representative of a deceased claimant: three years from the accrual of the *544 action. Thus, a survival statute such as ORS 30.075(1) is at once derivative and at the same time it creates a new set of rights and obligations between the tortfeasor and the decedent’s personal representative that did not previously exist.
Consistently with that understanding, we have described a rule that implements a portion of ORS 30.075(1) as the equivalent of a “statute of limitations.” In Mendez v. Walker, 272 Or 602, 538 P2d 939 (1975), we construed former ORS 13.080 (1969), the statutory predecessor to ORCP 34.[7] ORS 13.080 provided:
“(1) No action or suit shall abate by the death or disability of a party, or by the transfer of any interest therein.
“(2) In case of the death of a party, the court shall, on motion, allow the action or suit to be continued:
“(b) Against his personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after his death.”
In Mendez, we stated that “[t]he year allowed by ORS 13.080(2)(b) in which to substitute as a party the representative of decedent’s estate has been construed as the equivalent of a statute of limitations.” 272 Or at 604-05. We concluded that the plaintiff’s claim was time-barred in that case because the personal representative had not been substituted for the deceased plaintiff within the one-year time limit set by ORS 13.080(2)(b). Id. at 606.
*545 As does ORCP 34, former ORS 13.080 provided the sole procedural means for continuing a previously commenced action that survives an injured claimant’s death under ORS 30.075(1). In addition, like ORS 30.075(1), former ORS 13.080 provided (and ORCP 34 now provides) that a subject action does not “abate” on a decedent’s death. By enacting ORS 30.075(1) in light of the then-existing procedural rule in former ORS 13.080, the legislature presumably sought to limit the time in which a personal representative may commence an action in the same manner that it limited the time in which a personal representative may be substituted in a pending action. In holding that the one-year limit for substitution in the corresponding procedural rule is the equivalent of a limitation on the commencement of an action, Mendez is consistent with the conclusion that ORS 30.075(1) likewise prescribes limitations on the commencement or continuation of survival actions.
That conclusion is reinforced by the legislative history of the 1981 amendment to ORS 30.275 — which produced the notwithstanding clause of subsection (9) of that statute — that we elaborated in Baker. In that case, we placed particular weight on the statements of Senator Fadeley, who “repeatedly had stated that two statutes of limitations should not apply to [Oregon Tort Claims Act] claims: the six-year statute of limitations for property damage and the three-year statute of limitations for wrongful death. The notwithstanding clause mirrors that concern.” Baker, 343 Or at 82. Earlier in the debate over the bill that would become ORS 30.275(9), Senator Fadeley had engaged Senator Kulongoski in a colloquy, asking him whether he “was intending that the existing two-year statute on personal injury apply and that the two-year general statute on tort claims act still apply.” Senator Kulongoski replied: “that was correct.” Id at 79.
Although the fit is not precise, a wrongful death action under ORS 30.020(1) — which also is subject to a three-year statute of limitations, rather than the two-year limit of ORS 12.110(1) — is more akin to a survival action under ORS 30.075(1) than the latter is to a tolling provision such as ORS 12.160. For both a wrongful death action and a survival action, the legislature has created rights and *546 liabilities that did not previously exist in statute or at common law. Moreover, in each circumstance, the legislature established a three-year limitation period from the accrual of the claim — as opposed to some interrupting event — for the personal representative of the decedent to commence an action. In short, the legislature’s determination, where the defendant is a public body, to override the three-year statute of limitations that ordinarily applies to wrongful death actions supports the conclusion that the comparable three-year limitation period for survival actions under ORS 30.075(1) must similarly yield to the limit set out in ORS 30.275(9).[8]
Having addressed plaintiff’s arguments, we turn to the dissent, which, unlike plaintiff, does not regard ORS 30.075(1) as a tolling statute. Instead, the dissent asserts that ORS 30.075(1) “plainly extends the life of an injury action beyond the death of an injured person as set forth in the statute.” 353 Or at 552 (Baldwin, J., dissenting). As pertinent here, we presume that the dissent means to say that, where an injured person failed to commence an action for those injuries while alive, ORS 30.075(1) adds time for commencing an action after the death of the person. That much is true; but, there is more to the statute than that. The legislature also created a new right of action that otherwise would not have existed and, where the decedent has failed to commence an action during his or her life, it accords his or her personal representative three years from the accrual of the claim to commence the action.
The dissent repeatedly asserts that ORS 30.075(1) does not provide a limitation on the commencement of an action. We disagree. As discussed, that provision contains two different sentences that accomplish two different things. The first sentence provides that a personal injury action “shall not abate” upon the death of the injured person. We readily acknowledge the point. The second sentence, however, goes further and says when the nonabated action must commence. It provides that an action must be brought within two years if commenced before death and three years *547 if commenced after death. As explained above, that is what statutes of limitation do.
That leads to the considerable attention that the dissent devotes to characterizing ORS 30.075(1) as a “survival statute.” The reasoning apparently is that, because the statute declares in one part that actions shall not abate on the death of the injured person, nothing in that statute can be a statute of limitation. But, again, there is more than that going on in the provision. The fact that the first sentence can be classified as a “survival statute” does not logically mean that the second sentence does not provide a limitation on the commencement of the action. In many, if not most, cases to which ORS 30.075(1) applies, the second sentence of the statute unarguably acts as a statute of limitation. If an action is commenced by the injured person during his or her life, the first clause of the second sentence provides that the action “shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section!.]” That is, even though the statute provides for the survival of such actions, it also limits the time for their commencement.
Moreover, the expanded three-year limitation prescribed in the second clause of the second sentence of the statute for actions filed by a personal representative after the injured person’s death is no less a statute of limitations merely because the period within which an action must be commenced is longer. As discussed, like the two-year limitation imported from ORS 12.110 for actions filed by the injured person, the three-year period runs from the accrual of the claim, not some intervening event. That symmetry strongly suggests that the legislature intended for the second sentence of ORS 30.075(1) to prescribe separate limitations on the commencement of the two categories of survival actions that the first sentence of the statute authorized to be brought or maintained.
Finally, the dissent gives considerable attention to decisions from other jurisdictions about the nature of survival actions and how they differ from statutes of limitation. However, each of those cases involved distinct statutory frameworks and correspondingly distinct legal issues *548 from those confronting us here. In Swindle v. Big River Broadcasting Corp., 905 SW2d 565 (Tenn App 1995), for example, the court construed a statute that provided for additional time to sue a dissolved corporation, where the triggering date for bringing a survival action was the date of an intervening event, that is, corporate dissolution, not, as is the circumstance with ORS 30.075(1), the date of accrual of the underlying claim. 905 SW2d at 567. The same type of statute also was at issue in the South Dakota, Nebraska, and Texas cases on which the dissent relies. See M.S. v. Dinkytown Day Care Center, Inc., 485 NW2d 587, 588 (SD 1992); Keefe v. Glasford’s Enterprises, Inc., 532 NW2d 626, 629 (Neb 1995); Gomez v. Pasadena Health Care Management Inc., 246 SW3d 306, 314, (Tx App 14th Dist 2008). Accordingly, those decisions do not meaningfully inform our task, at least not in the way the dissent posits.[9]
Because the three-year time limit in ORS 30.075(1) is a limitation on the commencement of a survival action for personal injuries by a personal representative, it is superseded by the two-year limitation period for the commencement of a tort action against a public body under ORS 30.275(9). Plaintiff failed to commence this action within that two-year period. It follows that the trial court did not err in dismissing it.
The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

 ORS 12.020(2) provides:
“If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed.”

 The parties and amicus debate at length whether our reference in Baker to tolling statutes falling outside the notwithstanding clause of ORS 30.275(9) was part of the core holding of that case. For our purposes here, it is sufficient to assume that it was.

3 ORS 30.020 (1963) provided for an action by a personal representative for wrongful death.

4 ORS 30.080 (1963) provided that causes of action arising out of the injury or death of a person shall not abate upon “the death of the wrongdoer.”

5 ORS 13.090 (1963) provided that the death of a party after a verdict did not abate the cause of action, but that “the action shall proceed thereafter in the same manner as in cases where the cause of action survives.”

6 ORS 30.010 (1963) provided that a father or mother, under certain circumstances, could maintain an action “for the injury or death of a child.”

 ORCP 34 provides, in part:
“A No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the claim survives or continues.
“B In case of the death of a party, the court shall, on motion, allow the action to be continued:
“B(l) By such party’s personal representative or successors in interest at any time within one year after such party’s death; or
“B(2) Against such party’s personal representative or successors in interest unless the personal representative or successors in interest mail or deliver notice including the information required by ORS 115.003 (3) to the claimant or to the claimant’s attorney if the claimant is known to be represented, and the claimant or his attorney fails to move the court to substitute the personal representative or successors in interest within 30 days of mailing or delivery.”

 The foregoing analysis also answers OTLA’s assertion that the three-year limit in ORS 30.075(1) is not an independent or, in its terms, “freestanding” limitation on the commencement of an action for purposes of ORS 30.275(9).

 We note, however, that in M.S., the South Dakota Supreme Court made a point that we have made about survival actions with which the dissent appears to disagree; namely, that a survival action creates a substantive right or claim. 353 Or at 557-58 (Baldwin, J., dissenting). In concluding that a minority tolling statute did not extend the time for commencing an action under a corporate survival statute, the South Dakota court stated: “The fact a survival statute essentially creates a right or claim that would not exist but for the statute is key to this court’s determination of whether the minority tolling provision in [the tolling statute] is applicable to the corporate survival period established by [the survival statute].” M.S., 485 NW2d at 589 (emphasis added).