**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYLE MARK COULTAS, | No. 16-35704 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00045-AC |
| v. | |
| STEVEN PAYNE, individually and in his official capacity as Oregon State Crime Laboratory Detective; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding[**]

Submitted October 23, 2017[***]

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Lyle Mark Coultas appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging a violation of due process,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conversion under state law, and an independent claim of fraud on the court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of the applicable statute of limitations and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Coultas's conversion claim as barred by the Oregon Tort Claims Act's ("OTCA") two-year statute of limitations. *See* Or. Rev. Stat. § 30.275(9); *Bell v. Tri–Cty. Metro. Transp. Dist. of Or.*, 301 P.3d 901, 908 (Or. 2013) (the OTCA supersedes statutes of limitations that might otherwise apply in tort actions against public bodies and their officers and employees).

Dismissal of Coultas's claim to set aside a prior judgment for fraud on the court was proper because Coultas failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also*

16-35704

*Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) ("Fraud on the court requires a grave miscarriage of justice." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Coultas's contention concerning judicial bias.

**AFFIRMED.**

16-35704