Submitted September 24, 2019, reversed and remanded with instructions to dismiss with prejudice May 6, 2020

Richard Larry LACEY,
*Plaintiff-Respondent,*

*v.*

David K. SAUNDERS,
*Defendant-Appellant.*

Josephine County Circuit Court
16CV21287; A167902

466 P3d 1063

Before decedent passed away, plaintiff brought this action against him, asserting breach of contract and other claims related to the sale of real property. After decedent's death, appellant, the personal representative of his estate, moved to dismiss the action with prejudice because plaintiff had failed to comply with the requirement of ORCP 34 B of substituting the personal representative as the party within 30 days of notice of death. The trial court granted that motion, but it did so without prejudice. Appellant challenges that decision, arguing that dismissal with prejudice was required. *Held*: ORCP 34 B is effectively a statute of limitations, operating as the sole procedural means through which a claimant may continue an action that commenced before a defendant's death. Because plaintiff failed to comply with the rule's time requirements, dismissal with prejudice was the only option, and the trial court therefore erred.

Reversed and remanded with instructions to dismiss with prejudice.

William A. Marshall, Judge.

Frank C. Rote, III, filed the brief for appellant.

No appearance for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

DeVORE, J.

Reversed and remanded with instructions to dismiss with prejudice.

**DeVORE, J.**

Before decedent passed away, plaintiff brought this action against him, asserting breach of contract and other claims related to the sale of real property.[1] After decedent's death, appellant, the personal representative of his estate, moved to dismiss the action with prejudice because plaintiff had failed to comply with the requirement of ORCP 34 B of substituting the personal representative as the party within 30 days of notice of death. The trial court granted that motion, but it did so *without* prejudice. Appellant challenges that decision, arguing that dismissal with prejudice was required. We agree that ORCP 34 B is effectively a statute of limitations, operating as the sole procedural means through which a claimant may continue an action that commenced before a defendant's death. Accordingly, we reverse.

The relevant facts are procedural and undisputed. Plaintiff initiated this action against decedent in 2016. In August 2017, decedent passed away, and, that month, his attorney filed in this action a notice of death and served the notice on plaintiff. Appellant, as the estate's personal representative, instituted probate proceedings. On January 8, 2018, appellant served on plaintiff a notice to claimants and creditors, pursuant to ORS 115.003. On February 9, appellant moved to dismiss the action with prejudice because plaintiff had failed to substitute her as the named party within 30 days of receiving the notice as ORCP 34 B requires. On February 14, plaintiff moved to join decedent's estate as a party to the proceeding. The trial court determined that plaintiff had shown no good cause for delay and that plaintiff's motion was untimely. The court denied the motion and dismissed the action, but without prejudice.

On appeal, appellant assigns error to the trial court's decision to dismiss *without*—rather than *with*—prejudice. Ordinarily, "[t]he decision to dismiss a case with or without prejudice is within the discretion of the trial judge, and we review only for manifest abuse of that discretion."

---

[1] The complaint asserted breach of contract, temporary restraining order and preliminary injunction, declaratory judgment, specific performance, and interference with economic relations.

*Bernard v. Gary J. Lekas, P.C.*, 124 Or App 416, 418, 862 P2d 564 (1993). In this case, however, appellant argues that the decision was not discretionary. Rather, she contends, it was dictated as a matter of law by ORCP 34 B(2), which only allows an action to continue if the claimant moves to substitute the personal representative or successors in interest as a party within 30 days of receiving notice. That is, appellant contends that ORCP 34 B serves as a statute of limitations that requires dismissal with prejudice.

Whether dismissal with prejudice is required under ORCP 34 B(2) is a question of legislative intent. "In construing the rules of civil procedure, we apply ordinary principles of statutory construction." *Paschall v. Crisp*, 138 Or App 618, 623, 910 P2d 407, *rev den*, 324 Or 176 (1996) (citing *Weaver and Weaver*, 119 Or App 478, 482, 851 P2d 629 (1993)). Accordingly, to understand its meaning, we examine the text and context of the rule, looking, as necessary, to any pertinent legislative history. *See State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009) (outlining the methodology).

Under ORCP 34,

"In case of the death of a party, the court shall, on motion, allow the action to be continued:

"\* \* \* \* \*

"B(2)   Against such party's personal representative or successors in interest unless the personal representative or successors in interest mail or deliver notice including the information required by ORS 115.003 (3) to the claimant or to the claimant's attorney if the claimant is known to be represented, and the claimant or his attorney fails to move the court to substitute the personal representative or successors in interest within 30 days of mailing or delivery."

Although the text of ORCP 34 is silent as to whether dismissal with prejudice is required, its context provides some indication.

That context is the rule's statutory history and its underlying case law. *See Chase and Chase*, 354 Or 776, 782-83, 323 P3d 266 (2014) ("[T]he statutory history of [a law] and the case law underlying its evolution provide a clearer contextual picture."). Relevant here is *former* ORS 13.080,

*repealed by* Oregon Laws 1979, chapter 284, section 199, the precursor to ORCP 34. That law provided:

> "Nonabatement of action or suit by death, disability or transfer; continuing proceeding. (1) No action or suit shall abate by the death or disability of a party, or by the transfer of any interest therein.

> "(2)   In case of the death of a party, the court shall, on motion, allow the action or suit to be continued:

> "*****

> "(b)   Against his personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after his death."

*Former* ORS 13.080. *Former* ORS 13.080 operated as "the equivalent of a statute of limitations," and it provided the sole procedural means for continuing a previously commenced action that survives a party's death. *Bell v. Tri-Met*, 353 Or 535, 544, 301 P3d 901 (2013) (quoting *Mendez v. Walker*, 272 Or 602, 604-05, 538 P2d 939 (1975)). When a plaintiff failed to substitute a personal representative within the limitations period of *former* ORS 13.080, that plaintiff was barred from maintaining a future action. *Mendez*, 272 Or at 604-07.

Former ORS 13.080 was "the statutory predecessor to ORCP 34." *Bell*, 353 Or at 544. In 1978, when ORCP 34 replaced *former* ORS 13.080, the drafters intended it to "generally preserv[e] the existing rules" of the statute. Council on Court Procedures, *Oregon Rules of Civil Procedure*, Dec 2, 1978, 97, http://counciloncourtprocedures.org/Content/Promulgations/1978_original_ORCP_promulgation.pdf (CCP). Those "existing rules" encompassed what was effectively a statute of limitations, and they provided the only avenue for maintaining an action that began before, and then survived, a party's death.

As the Oregon Supreme Court acknowledged, ORCP 34, like *former* ORS 13.080, "provide[s] the sole procedural means for continuing a previously commenced action that survives an injured claimant's death." *Bell*, 353 Or at 544 (discussing survival actions). Consequently, ORCP 34 B provides the only avenue for maintaining an existing action

beyond a defendant's death and functions as a time bar. *See Mendez*, 272 Or at 606 (actions "filed prior to the death of a defendant were intended to be continued in accordance with the provisions of [*former*] ORS 13.080(2)(b)," including the limitations period). As was true under *former* ORS 13.080, a claimant who fails to substitute a personal representative within ORCP 34 B's timeframe is precluded from future action.[2]

In light of that context, we conclude that ORCP 34 B acts as a time limitation, providing the exclusive procedural means through which a claimant may continue an action that began before the defendant's death. As a result, the trial court must grant a motion to dismiss with prejudice based on a claimant's failure to adhere to the rule's time limitation. The current action commenced before decedent's death and could only continue as ORCP 34 provides. Plaintiff failed to comply with the rule's time requirements. Dismissal with prejudice was therefore the only option, and the trial court erred by dismissing without prejudice.

Reversed and remanded with instructions to dismiss with prejudice.

---

[2] In this case, we are not called upon to address the relationship of ORCP 15 D to ORCP 34.