IN THE OREGON TAX COURT
REGULAR DIVISION
Personal Income Tax

| | | |
|---|---|---|
| QUARREN AVAKIAN, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5457** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

In this personal income tax appeal, it is undisputed that the individual named as plaintiff, Quarren Avakian (Avakian, or Plaintiff), died on or about June 5, 2022.  (*See* Def's Mot to Dismiss at 4; Comments of Dominic Paris, Oral Argument, Aug 25, 2023, at 10:48.)  This appeal is from a Magistrate Division decision dated April 19, 2023, which "precluded [Plaintiff] from contesting Defendant's disallowance of net operating loss carryover deductions reported on Plaintiff's 2013, 2014, and 2015 returns based on a net operating loss generated in 2012" and dismissed Plaintiff's remaining claims without prejudice.  (Ptf's Compl, Ex 1.)  The complaint in this division was filed on or about June 19, 2023.

Defendant has moved to dismiss the complaint, with prejudice, on two grounds: (1) under Tax Court Rule (TCR) 21 A(6) on the ground that Avakian is not the real party in interest, and (2) under TCR 21 A(9) on the ground that Avakian's personal representative or successor in interest "failed to meet the one-year period allowed for substitution under TCR 34 B. "  (Def's Mot to Dismiss at 1-3; Def's Decl of Rieder, Ex C at 1.)

/ / /

As to Defendant's first ground, Plaintiff argues that Avakian is the real party in interest although he is a deceased individual. (Ptf's Resp at 1-2.) This is wrong. *See Hamilton v. Hughey*, 284 Or 739, 743 (1978) (sole heir, not decedent, was real party in interest), *superseded on other grounds by Reutter v. RWS Construction, Inc.,* 128 Or App 365, 368-69 (1994).[1] (*See* Def's Reply at 1-2.) The court agrees with Defendant that Avakian is not the real party in interest.

As to Defendant's second ground, Plaintiff argues that the court can and should allow Avakian's successor in interest to be substituted. Defendant acknowledges that, "[i]n a newly filed case, courts will allow time for the real party in interest to appear rather than dismiss the complaint with prejudice." (Def's Mot to Dismiss at 3 (citing *State ex rel AFSD v. Mattes*, 124 Or App 339, 342, 862 P2d 574 (1993)). Defendant also acknowledges that such additional time is mandated in TCR 26 A, which provides in part:

> "'No action will be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, joinder, or substitution of, the real party in interest.'"[2]

(Def's Reply at 4-5 (quoting TCR 26 A).)

---

[1] *See* ORS 115.305 ("All causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter."). Unless otherwise indicated, the court's references to the Oregon Revised Statutes (ORS) are to the 2021 edition.

[2] The full text of TCR 26 A is:

> "Every action must be prosecuted in the name of the real party in interest. An executor, administrator, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that party's own name without joining the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another must be brought in the name of the state. No action will be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, joinder, or substitution of, the real party in interest. Such ratification, joinder, or substitution will have the same effect as if the action had been commenced in the name of the real party in interest. If a statute specifies that a person or entity must be a named party, that party must be deemed to be a 'real party in interest.' *See, e.g., Mult. Co. v. Dept. of Rev.*, 8 OTR 422 (1980)." (Emphasis in original).

The only remaining issue, therefore, is whether the court should accept Defendant's contention that the outer limit of the "reasonable time" required by TCR 26 A is the "one-year time period to substitute in the deceased party's personal representative or successor in interest" found in subsection (1) of TCR 34 B. (*See* Def's Mot to Dismiss at 3.) TCR 34 B provides:

> **"B  Death of a Party; Continued Proceedings**. In case of the death of a party, the court will, on motion, allow the action to be continued[:]

> "B(1) By such party's personal representative or successors in interest at any time *within one year after such party's death*; or

> "B(2) Against such party's personal representative or successors in interest unless the personal representative or successors in interest mail or deliver notice including the information required by ORS 115.003(3) to the claimant or to the claimant's attorney if the claimant is known to be represented, and the claimant or his attorney fails to move the court to substitute the personal representative or successors in interest within 30 days of mailing or delivery."

(Emphasis added; boldface in original.) As Defendant points out, TCR 34 B is materially identical to ORCP 34 B, and the 30-day period in subsection (2) of ORCP 34 B has been applied as a limitations period, failure to comply with which is grounds for dismissal.[3] *See Lacey v. Saunders*, 304 Or App 23, 27, 466 P3d 1063 (2020). (Def's Mot to Dismiss at 4-6; Def's Reply at 4-5.) Defendant urges the court to extend the reasoning in *Lacey* to subsection (1) of TCR 34 B by concluding that Avakian's personal representative or successors in interest had one year from his death to move to continue this appeal; finding that they failed to do so; and dismissing this appeal accordingly.

/ / /

/ / /

---

[3] The Oregon Rules of Civil Procedure (ORCP) are not applicable to the Tax Court, but the Regular Division's rules are required to "conform, as far as practical to the rules of equity practice and procedure in this state." ORS 305.425(3). The preface to the Regular Division rules states: "To the extent that the wording of a TCR is the same as that of an ORCP, cases interpreting the ORCP may be looked to as authority for interpreting the TCR."

The court tests whether TCR 34 B applies by examining its text and context.[4] *See Eklof v. Persson*, 369 Or 531, 539, 508 P3d 468 (2022) ("We interpret rules * * * by our usual method of statutory interpretation, looking to their text and context, along with their legislative history to the extent we deem appropriate."). The plain text of the flush language offers the first clues, referring to "continu[ing]" an action after the death of a "party." The court reads the two quoted terms as implying that TCR 34 B applies solely to an ongoing "action" that was commenced by an individual who was alive at the time and thereby became a party. The court does not understand Defendant to argue otherwise. Therefore, because Avakian was not alive when the complaint was filed in this division, but was alive during a portion of the Magistrate Division proceedings, the issue reduces to whether this appeal before the Regular Division is the same "action" that proceeded to decision in the Magistrate Division. Defendant argues that it is.

The legislature has supplied a definition of "action" for purposes of the statutes governing civil judgments in the circuit courts, and this court considers the definition applicable here: "'Action' means any proceeding commenced in a court in which the court may render a judgment." ORS 18.005(1).[5] The text of this definition reveals three elements essential to an action: commencement of the proceeding, a court, and the prospect of issuance of a judgment.

---

[4] Neither party has offered any legislative history, and the court sees no need to discuss legislative history *sua sponte*. *See* ORS 174.020(3).

[5] Like the ORCP, ORS chapter 18, including the statutory definition of "action," does not apply to the Tax Court. *See* ORS 18.025 (chapter 18 applies to "circuit courts, municipal courts and county courts performing judicial functions"). However, the court views chapter 18 as part of the "rules of equity practice and procedure in this state." ORS 305.425(3). The court has, accordingly, adopted portions of the text of chapter 18 in its rules and has declared generally that its rules "seek[ ] to conform to definitions in ORS 18.005." TCR 67 n 1.

In any event, the definition in ORS 18.005(1) conforms closely to the definition that would result from a "plain meaning" analysis under *Eklof*. *See Black's Law Dictionary* 26 (5th ed, 1979) (defining "action" as "a suit brought in a court"); *see also id.* ("'More accurately, it is defined to be any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree.'") quoting 1 Morris M. Estee, *Estee's Pleadings, Practice, and Forms* § 3, at 1 (Carter P. Pomeroy ed., 3d ed 1885)).

The element of a "court" is not in question; the Tax Court in both its divisions is "a court of justice" that is "part of the judicial branch of state government." ORS 305.405.

Defendant focuses on the element of a "judgment," pointing out that the "Tax Court is one court with two divisions that issues a single judgment." (Def's Mot to Dismiss at 5.) For this reason, Defendant asserts, "the court should apply TCR 34 B to the case as it progresses through both divisions." (*Id.*) Defendant appears to refer to the following provision in ORS 305.501(7):

> "If no appeal is taken to the tax court judge within 60 days, the decision of the magistrate shall become final. The tax court shall enter a judgment enforcing all final decisions of the magistrate, which judgment shall be binding upon all parties."

The foregoing provision requires the court to issue a judgment enforcing a Magistrate Division decision only if no party appeals to the Regular Division within 60 days. If a party does appeal timely to this division, then, under longstanding statutes predating creation of the Magistrate Division, the court will issue a judgment enforcing the Regular Division's decision. *See, e.g.,* ORS 305.437 (referring to Tax Court's "judgment"), ORS 305.440(2) (same), ORS 305.485 (same). Thus, the Tax Court's organic statutes do not contemplate that an appeal always "proceeds through both divisions." Because the great majority of appeals are resolved in the Magistrate Division without further appeal to the Regular Division, in most appeals, judgment issues without any involvement by the Regular Division. Therefore, the element of the definition of "action" that requires the court to be capable of "render[ing] a judgment" is equally present in a proceeding that ends in the Magistrate Division and in a proceeding that ends in the Regular Division. The court concludes that the "single judgment" provisions in ORS 305.501(7) and elsewhere are, by themselves, an insufficient basis to resolve whether an appeal in the Regular Division is the same action that previously was pending in the Magistrate Division.

The court proceeds to the final element of the definition of "action" in ORS 18.005(1): when and how a proceeding is "commenced." The judgment statutes in ORS chapter 18 do not define "commenced," but for purposes of this analysis the court views ORS 18.005(1) as integrated with, and incorporating, ORCP 3, which states: "Other than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court." *See* ORS 1.735(1) (authorizing legislature to amend ORCP); ORS 1.745 (laws relating to pleading, practice and procedure deemed to be rules of court). Reading the relevant text as a whole, the court concludes that, at least in the circuit courts and the other courts to which chapter 18 applies, an "action" is a proceeding commenced in a court by the filing of a complaint, if the court may render a judgment in the proceeding.

The court's next step is to determine whether the definition of "action" in ORS 18.005(1), so construed, applies to the Tax Court. The Tax Court's rules do not include a counterpart to ORCP 3. Instead, commencement of proceedings in the Tax Court is governed by the court's organic statutes, which generally allow a taxpayer or other litigant to "appeal" if aggrieved and affected by a specified action or omission of a specified taxing authority or tribunal. *See* ORS 305.275(1), (4) (general conferral of right of appeal); ORS 305.275(3) and 309.110(7) (right of appeal from order of county board of property tax appeals); ORS 294.461 (right of appeal to void or modify a property tax for failure to comply with local budget law); *see generally Village at Main Street Phase II v. Dept. of Rev.,* 356 Or 164, 167-69, 339 P3d 428 (2014) (noting statutory use of "appeal" to describe Tax Court proceedings). As under ORCP 3 for the circuit courts, however, nearly all Tax Court proceedings are initiated by the filing of a "complaint." *See* ORS 305.560(1) ("an appeal under ORS 305.275 may be taken by filing a complaint with the clerk of the Oregon Tax Court"); ORS 294.461(2)(a) ("the appealing party

shall file a complaint with the clerk of the tax court at its principal office in Salem, Oregon. Such filing in the tax court shall constitute the perfection of the appeal.").[6] Reading these statutes together with the directive in ORS 305.425(3) to generally conform Tax Court rules to the provisions governing other trial courts, the court concludes that the legislature intends that an "action" in the Tax Court, as in the circuit courts, is a proceeding commenced by the filing of a complaint.

The court now examines more closely the provisions governing complaints in the Tax Court. Since the Magistrate Division began operating in 1997, a complaint must be filed there in the first instance, unless the appeal falls within one or more uncommon exceptions.[7] *See* ORS 305.501(1) ("an appeal to the tax court may be heard by a tax court magistrate unless specially designated by the tax court judge for hearing in the regular division."). Once the complaint has been filed, any appeal not resolved by mediation is either (a) heard and decided by the Magistrate Division or (b) "specially designated" for hearing in the Regular Division pursuant to an order issued by the Regular Division judge. *See* TCR 1 A; ORS 305.501(1). If the appeal is specially designated, the Regular Division acquires the case "as is," and the complaint and any other pleadings already filed continue to apply unless later amended. More

---

[6] As an exception, proceedings by interested taxpayer groups, or by local governments, to determine whether certain local charges exceed the "Measure 5" limits imposed on property taxes are called "petitions." *See* ORS 305.583; 305.585. In contrast to a complaint, to which only general formal requirements apply under TCR 16, a Measure 5 petition must "state the facts and grounds upon which the petitioner contends that the tax, fee, charge or assessment is affected by [Measure 5], or that a use of the proceeds of bonded indebtedness is not authorized." ORS 305.583(3)(b). The specificity required in the petition is consistent with the directive to the court to prioritize Measure 5 petition cases "over all other cases," presumably to minimize local budgetary uncertainty. ORS 305.580(2). The statutes make clear that the petition serves the same function as a complaint in other cases. *See* ORS 305.583(3)(b) (upon filing of petition, "[t]he case shall proceed thereafter in the manner provided for appeals concerning ad valorem property tax assessments. ORS 305.405 to 305.494 shall apply to such actions."); ORS 305.585(3) (same). Nothing in the provisions governing Measure 5 petitions changes the court's analysis above regarding the meaning of the term "action" in TCR 34 B.

[7] The exceptions include declaratory judgment actions and cases involving a writ of mandamus, a Measure 5 petition, or a complaint to void or modify a tax levy under local budget law. *See* TCR 1 C (1) (listing categories of appeals that must be "filed directly with the Regular Division").

commonly, however, the case is not specially designated; the Magistrate Division hears the appeal and issues a decision, and the case reaches the Regular Division only if a party invokes the Regular Division by filing a new complaint in the Regular Division within 60 days. *See* ORS 305.501(5)(a) ("Any party dissatisfied with a written decision of a magistrate may appeal the decision to the judge of the tax court by filing a complaint in the regular division of the tax court within 60 days after the date of entry of the written decision."); TCR 7 A(3) ("An appeal from a magistrate decision commences when the appealing party files a complaint with the Regular Division and pays any required filing fee."). Because a new complaint is required upon appeal to the Regular Division, the court now tentatively concludes that that filing commences a new action. However, given the court's unusual status as "one court with two divisions" and a single judgment, the court tests that conclusion with further examination of the statutory context. *Village at Main Street Phase II,* 356 Or at 167 (quoting *Dept. of Rev. v. Froman*, 14 OTR 543, 546 (1999)).

An early description of the Magistrate Division as "a tribunal that is unique to Oregon as well as the nation," remains valid and applies equally to the court as a whole. *Dept. of Rev. v. Ritchie Chevron, Inc.,* 14 OTR 406, 408 (1998). Some features of the court's structure are unitary, but as to other features the court's two divisions more closely resemble separate courts. The court's unitary features include its subject-matter jurisdiction, the absence of a jury, and the authority of the court's sole judge to specially designate Magistrate Division appeals for hearing in the Regular Division. *See* ORS 305.405 to 305.410 (jurisdiction); ORS 305.425(1) (no jury); ORS 305.501(1) (special designation). The main feature delimiting the divisions is the Regular Division judge's obligation to apply a *de novo* standard of review in an appeal of a magistrate's decision, in addition to formal rules of evidence and procedure. *See* ORS 305.425(1), (3). By

contrast, magistrates are expressly authorized to decide cases without being bound by "common law or statutory rules of evidence," "technical or formal rules of procedure," or the requirement to create a "record" on which subsequent proceedings will be based. ORS 305.501(4)(a). As the Oregon Supreme Court has stated:

> "Regular Division proceedings are 'original, independent proceedings.' ORS 305.425(1). They do not entail reviewing a record created by the Magistrate Division. Rather, they entail the creation of a new record, de novo. * * * Any findings of fact by the Magistrate Division—and the evidence on which it based those findings—do not bind the Regular Division in any way."

*Village at Main Street Phase II*, 356 Or at 179-80. In fact, the complaint in this division may raise new and different claims that were never brought in the Magistrate Division. *See id.* at 179 ("allowing a new issue to be raised on appeal to the Regular Division is consistent with the role of the Regular Division.").

The court concludes that the context supplied by these additional statutes confirms that the filing of a complaint on appeal to this division commences a new "action" for purposes of TCR 34 B.[8] When understood within this context, the "single judgment" provisions do not require the two appeals to be treated as one action. They do, however, serve the practical function of protecting a litigant dissatisfied with the result in the Magistrate Division from becoming subject to an unfavorable judgment before having access to a proceeding in this division with procedural and evidentiary rules akin to those in a circuit court. The court will not apply the one-year time period in TCR 34 B(1) as a limitation given the facts now before the court.

/ / /

---

[8] The court has no occasion to express a view as to whether (1) special designation during the pendency of an appeal in the Magistrate Division would commence a new "action" for purposes of TCR 34 B or (2) a Regular Division appeal is a new "action" for purposes other than TCR 34 B.

Having concluded that the one-year period in TCR 34 B(1) does not apply, the court's remaining task is to apply TCR 26 A. The court views Defendant's motion to dismiss as an "objection," following which the court must allow "a reasonable time * * * for ratification of commencement of the action by, joinder, or substitution of, the real party in interest." Based on comments of Plaintiff's counsel at oral argument on Defendant's motion in this appeal, the court will direct Plaintiff to file a motion for substitution or another applicable motion within 20 days of this order to seek to meet Defendant's objection. (*See* Comments of Dominic Paris, Oral Argument, Aug 25, 2023, at 10:46.) Defendant may file a response under the court's rules. The court directs the parties to the Oregon Supreme Court's decision in *Larsen v. Selmet, Inc.*, issued after oral argument on Defendant's motion. 371 Or 457, 475, 537 P3d 920 (2023) ("primary consideration driving the exercise of discretion in addressing a request to substitute the real party in interest as the named plaintiff under ORCP 26 A is determining whether allowing substitution would be unfairly prejudicial to the adverse party."). Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is denied; and

IT IS FURTHER ORDERED that the parties are directed to proceed as set forth above.

Dated this 14th day of February, 2024.

2/14/2024 9:37:09 AM

**Judge Robert T. Manicke**